THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MORRIS MENDELSON *et al.* Plaintiffs in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. CRIMINAL LAW—*intent is part of charge of burglary.* The crime of burglary, under the statute, consists of willfully and maliciously breaking and entering a building with intent to commit larceny or a felony, and not only must the entry be charged and proven, but also the intent to commit larceny or a felony.

2. SAME—*what essential where the charge is burglary with intent to commit larceny.* In an indictment for burglary, where it is charged that the breaking and entry were with intent to commit larceny, it must be alleged that the intent was to steal the property of some person.

3. SAME—*what constitutes separate and distinct offenses.* An indictment charging the breaking and entering of a building with intent to steal the goods of named persons who were tenants of a certain floor of the building, charges an entirely different offense from an indictment charging the same defendants with breaking and entering the same building with intent to steal the property of other named persons who were tenants of another floor.

4. SAME—*what not admissible to sustain plea of former acquittal.* The record of the indictment, trial and acquittal of the defendants of the charge of breaking and entering a certain building with intent to steal the goods of "Korach & Stickler" is not admissible to sustain a plea of former acquittal on the trial of the same defendants for breaking and entering the same building with intent to steal the goods of "Goldstein, Harris & Guthman."

5. SAME—*when instruction as to testimony of policeman or detective is faulty.* An instruction informing the jury that the business of a policeman or detective is a lawful one, and when such persons possess information bearing upon the question of guilt or innocence of a party on trial charged with crime it is their duty to appear and testify if called, which statement is then followed by a statement of the rule for judging their credibility, is faulty in singling out and calling attention to the testimony of particular witnesses; but the giving of such instruction is not necessarily ground for reversal.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

LOUIS GREENBERG, for plaintiffs in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Plaintiffs in error were indicted in the criminal court of Cook county for the crime of burglary and on a trial in that court were found guilty by a jury. The court overruled motions for a new trial and in arrest of judgment and sentenced them to be confined in the penitentiary in accordance with the verdict. They have sued out a writ of error and seek to reverse the judgment of the court below on the grounds that the trial court erred in refusing to admit proper evidence offered on their behalf, and gave improper instructions to the jury on behalf of the People.

The first count of the indictment charged, in apt terms, that plaintiffs in error, on the 26th day of January, 1913, did break and enter the building, store and office of Herman Korach and Milton Stickler, with intent to steal the goods, chattels, money, etc., of said Korach and Stickler, and that they did steal twenty-five dresses and other property, money, current coins of the United States, etc., of the property of said Korach and Stickler. The second count charged the plaintiffs in error with breaking and entering the said building with intent to steal, and the third count charged the burglarious entry of the building without force, the doors and windows being open, with intent to steal, etc.

Korach and Stickler, who were partners and lessees of a part of the first story of No. 1648 Haddon avenue, in Chicago, each testified on the trial that they left their place of business on January 25, which was Saturday, about three o'clock in the afternoon and locked the doors. They came down to their place of business on Sunday morning and found that the front door had been pried open and the rear door unbolted. Some pay envelopes containing small amounts of money for different persons in their employ had been taken from a tin box, torn open and the money

abstracted. Several bundles of dresses and goods which they were engaged in manufacturing had been piled up near the rear door. Two police officers, Barry and Ryan, testified to seeing one Snider, who was indicted jointly with plaintiffs in error, procure a horse and wagon from a livery stable on West Fourteenth street at about three o'clock in the morning of January 26, 1913. The two officers followed Snider, who drove the horse and wagon to the corner of Paulina and Haddon streets, where he was joined by the plaintiffs in error, who led the horse over to the building which was occupied by Korach & Stickler and backed the wagon up to the rear door, whereupon the officers arrested plaintiffs in error and Snider near the rear door in question, which had been partly opened. From this evidence the jury were justified in finding the defendants guilty of burglary as charged in the indictment.

The evidence offered by the defendants, which the court refused to admit and which ruling of the court is assigned for error, was the record of the criminal court of Cook county in the case of the People against Nathan Steinberg, Harry Green and Morris Mendelson, (the plaintiffs in error in this case,) and Jake Snider, containing the return of an indictment against said defendants charging them with burglary in breaking and entering a certain building, to-wit, the store and office of David Goldstein, Joseph Harris and Louis B. Guthman, an arraignment of said defendants on said charge, a trial by jury, the verdict of the jury finding the defendants not guilty and the discharge of said defendants by the court. The defendants further offered to show that the police officers, Barry and Ryan, testified identically in said former trial as to the arrest of the defendants in the rear of the building at No. 1648 Haddon avenue, and that they were tried in that case for breaking into the building No. 1648 Haddon avenue. Defendants further offered to show that the firm of Goldstein, Harris & Guthman were engaged in business in the building at No. 1648

Haddon avenue; that they occupied the fourth floor; that there were two entrances leading into the building,—one at the front and the other in the rear of the building,—which entrances led into a common hall going through the building, each floor having a door leading into the premises of different occupants. The above testimony was offered, as stated by counsel for plaintiffs in error, "for the purpose of showing a former acquittal on the identical charge, to-wit, for the breaking and entering of the building at No. 1648 Haddon avenue on the 26th day of January, 1913, by the defendants."

While it is ,true that plaintiffs in error could not be tried again for an offense for which they had been previously tried, the record offered shows that the charge for which they were formerly tried and acquitted was entirely different from the charge in' the case at bar on which they were tried and convicted. In the former trial they were tried for the burglary and larceny of the goods of Goldstein, Harris & Guthman. In the case at bar they were tried for the burglary and larceny of the goods of Korach & Stickler. These were two separate and distinct charges of separate and distinct burglaries. The evidence of the police officers, Barry and Ryan, as to following the plaintiffs in error and arresting them in the act of removing goods from the building which had been broken into may have been the same in each case. The distinction between the two crimes, however, is shown by the additional testimony of Korach and Stickler, who testified in the case at bar that their money which they had put in the pay envelopes was taken and that their goods were piled up near the rear door of the building where plaintiffs in error were arrested, and the circumstances shown by the evidence from which the jury were justified in finding that plaintiffs in error were about to remove these goods in the wagon they had brought there. The crime of burglary, under the statute, consists of willfully and maliciously breaking and en-

tering a building or entering a building with intent to commit larceny or felony. Not only must the entry be charged and proven, but also the intent to commit larceny or felony. As held in *Price* v. *People,* 109 Ill. 109, on an indictment for breaking and entering a dwelling house with intent to rob or steal, the intent with which the defendant enters the house is the gist of the charge. In an indictment for burglary, where it is charged the breaking and entry are with the intent to commit larceny, the indictment must allege the intent to steal the property of some person. Manifestly, the indictment for burglary with intent to steal the goods of Korach & Stickler charged a different crime from the burglary with intent to steal the goods of Goldstein, Harris & Guthman.

Counsel for plaintiffs in error in his brief quotes from volume 3 of the Encyclopedia of Pleading and Practice, page 785, as follows: "The rule laid down by the authorities to decide the question whether a former acquittal or conviction is a bar to a subsequent prosecution is: If the facts charged in the subsequent indictment would, if found to be true, have warranted a conviction upon the first one, then the former judgment is a bar to the later prosecution, otherwise not." Following this rule, evidence of the breaking and entry and larceny, or circumstances showing the intent to commit larceny, of the goods of Korach & Stickler could not have been properly offered to sustain the indictment in the trial for burglary and larceny of the goods of Goldstein, Harris & Guthman, and, *vice versa,* evidence of the latter burglary was not competent on the trial of the case at bar. The evidence offered being to the effect that plaintiffs in error had been tried and acquitted of an entirely separate and distinct crime from that of which they were charged and on trial in the case at bar, could not sustain a plea of *autrefois acquit,* and the court did not err in refusing to admit it. (*Spears* v. *People,* 220 Ill. 72.). No other evidence was offered on behalf of plaintiffs in error.

The instruction complained of informed the jury that the business of a policeman or .detective is a lawful one, and when such persons possess information bearing upon the question of the guilt or innocence of a party on trial charged with crime, it is their duty to appear and testify if called, and the jury should not, through mere caprice or prejudice, alone, reject their testimony, but, while taking into consideration their business and surroundings, the jury should at the same time consider their statements with candor and fairness and give the same such weight as, under all the circumstances shown by the evidence, they think such statements fairly and justly entitled to. The instruction is faulty in singling out and calling attention to the testimony of particular witnesses, and should have been refused. (*People* v. *Campbell,* 234 Ill. 391.) It was held in the latter case that the giving of a similar instruction was not so prejudicial to defendants as to cause a reversal of the judgment, and we do not think the giving of the instruction in question in this case had any material effect on the verdict. An examination of all the instructions in the case discloses that other instructions were given in which the jury were correctly advised as to judging the credibility of the witnesses. They were directed to carefully scrutinize the testimony given and to consider all the circumstances under which any witness testified, his demeanor and manner while on the stand, his interest, if any, in the outcome of the case, the relations which he bears to the State or the defendants, the manner in which he might be affected by the verdict, the extent to which he is contradicted or corroborated by any other credible evidence, etc. No exception is taken to the other instructions, and we think the instructions, as a series, were fair.

There being no error sufficient to justify a reversal of this case the judgment of the criminal court of Cook county will be affirmed.                    *Judgment affirmed.*