(No. 35724.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THEODORE SOZNOWSKI, Plaintiff in Error.

*Opinion filed September 22, 1961.*

THEODORE BERGER, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was convicted of burglary and sentenced to the penitentiary for a term of not less than five nor more than ten years. He brings this writ of error under Rule 65—1, contending that the State failed to prove an essential element of the crime charged, namely, that his entry was with the intent to commit larceny.

Defendant was indicted and tried both for burglary and for assault with intent to commit rape. The trial was by the court without a jury, defendant having waived his right to a jury trial. At the close of the State's evidence, the court found the defendant not guilty on the count charging assault with intent to commit rape, but refused to discharge the defendant cn the burglary counts. After hearing all the evidence, the court found the defendant guilty of burglary as charged in the indictment, overruled defendant's post-trial motions, and sentenced him as stated above.

The charge of burglary was that defendant entered the dwelling house of one John Vann with the felonious intent to steal property of the owner. The evidence for the State may be summarized briefly as follows. Marlene Vann, wife of John Vann, testified that she was awakened in the early morning hours on August 6, 1956, by somebody beating her on the face, that she started screaming, and her assailant ran out the door. Her husband, John Vann, testified that at about 3.00 A.M. he had gone out in front of the house with his brother-in-law, that he heard screams, and that he ran around in back of his apartment and found that his next-door neighbor had caught the defendant. Lawrence Kula, a brother of Marlene Vann, testified that he was in the apartment at the time of the occurrence, that he heard his sister screaming, and ran to the bedroom as a man, whom he identified as the defendant, was leaving. Kula asked the man what he was doing there, and the defendant replied, "None of your business." A neighbor, Forrest Graff, testified that he saw a man leaving the front door of the Vann apartment, chased him down the alley, caught him, and, after a struggle, held him for the police. He identified the defendant as this man. Policeman Joseph Osty similarly related the circumstances of defendant's arrest.

The defendant testified in his own behalf that he had been drinking heavily the preceding day and into the morning hours, that he had no recollection of being in the Vann apartment, although he remembered being at the police station following his arrest. Two police officers, called by the State in rebuttal, testified that in their opinion defendant had been drinking but was not intoxicated.

Defendant's contention that the State failed to prove the defendant guilty of burglary is based upon two closely related but distinguishable arguments. He argues, first, that the State produced no evidence that his entry to the the dwelling was made with intent to steal the personal property of the owner, and, secondly, that his drunken con-

dition rendered him incapable of forming the requisite intent. With respect to this latter contention, while drunkenness is no excuse for a crime, nevertheless when a specific intent is a necessary element to the particular crime charged, it is competent to prove that the accused was at the time wholly incapable of forming the requisite intent, whether from drunkenness or some other cause. (*Schwabacher* v. *People,* 165 Ill. 618; *People* v. *Gilday,* 351 Ill. 11; *People* v. *Freedman,* 4 Ill.2d 414, 419.) Here, however, the evidence as to the nature, extent, and effect of defendant's drunkenness was conflicting and inconclusive and was not such as to compel the conclusion that defendant was incapable of having the requisite specific intent.

The argument that there was insufficient evidence to prove that the defendant entered the dwelling with intent to steal is not so easily disposed of. It is fundamental that a conviction cannot be sustained unless all the essential elements of the crime charged have been proved. The gravamen of the offense of burglary is the intent with which the building is entered. (*People* v. *Maffioli,* 406 Ill. 315, 320; *People* v. *Myler,* 374 Ill. 72, 73; *People* v. *Weiss,* 367 Ill. 580, 586.) Not only must the entry be charged and proved, but also the intent to commit a felony or larceny. (*People* v. *Mendelson,* 264 Ill. 453, 457.) Although intent is a matter of fact and cannot be implied as a matter of law, criminal intent may be shown by circumstantial evidence. (*People* v. *Weiss,* 367 Ill. 580, 586; *People* v. *Martishuis,* 361 Ill. 178.) "Intent, being a state of mind, is rarely susceptible of direct proof, but ordinarily must be inferred from the acts and conduct of the party and the facts and circumstances attending them which reasonably indicate them to the minds of others." (9 Am. Jur., Burglary, par. 61.) Neither party disputes these propositions, but defendant contends that the evidence was insufficient to prove beyond reasonable doubt that he had the intent to steal, while the State argues that the intent to commit larceny may be in-

ferred from conduct of the defendant and the surrounding circumstances.

The evidence discloses no overt act on the part of the defendant, after his entering of the dwelling, directed toward accomplishing his alleged intention of stealing. The State argues that the intent to commit larceny may be inferred from the defendant's unlawful entry of the dwelling at night, from his evasiveness when asked the purpose of his presence and from his flight when discovered and argues that "Absent indications of intent other than for larceny, the inescapable conclusion is that his purpose was to enter the premises to steal." This argument would be more persuasive if the factors stressed by the State were the only significant facts in evidence. However, the State's argument ignores one undisputed fact in the evidence which, if it does not completely negate any intention to commit larceny, at least creates a reasonable doubt as to the presence of such intent. That is the fact that defendant, while in the apartment and without doing anything to indicate the purpose of theft, beat a sleeping woman until she awakened. This act in itself appears inconsistent with an attempt to steal. The trial judge was puzzled, as are we, with the purpose of the defendant. He apparently found in the acts of the defendant an insufficient basis for inferring an intent to commit rape and dismissed the count charging an assault with intent to commit rape. But it does not necessarily follow, as the State seems to argue, that, because the defendant did not intend rape, he must, therefore, have intended larceny. Neither do we accept the State's contention that the actions of the defendant following his discovery are consistent only with a larcenous intent. The fact that defendant was discovered in the middle of the night in a lady's bedroom beating her, whatever the purpose of this act, would seem sufficient motivation for his flight and does not compel the conclusion that he entered the dwelling with the intent to steal.

The State cites the very recent decision of the Supreme Court of Utah in *State* v. *Hopkins*, 11 Utah 2d 363, 359 P.2d 486, as standing for the proposition that where one breaks and enters the dwelling of another in the nighttime without the latter's consent, an inference may be drawn that he did so to commit larceny, and urges us to adopt the rule of the Utah court. The Utah case is, however, clearly distinguishable on its facts from the case at bar. There the defendant had entered an upstairs window by means of a ladder. The inference to be drawn from such circumstances is not necessarily the same as where, as here, a man who has been drinking wanders, apparently aimlessly, into a building. Moreover, unlike the present case, in the Utah case there was a conflict in the evidence and the defendant had at first completely denied being in the dwelling, but later changed his story when confronted with evidence to the contrary. It is unnecessary for the decision in this case to determine whether or not under certain circumstances an unlawful entry without any further overt act on the part of the defendant is sufficient to warrant an inference of an intent to commit larceny. For here, in addition to the entry, there was an overt act, the beating of the sleeping woman, that tends to disprove the existence of an intent to commit larceny and to dispel any inference of such intent that might otherwise arise.

On the state of this record, in our opinion the evidence was insufficient to show that defendant entered the building with the intent to commit larceny, and was therefore insufficient to prove the defendant guilty of the crime of burglary beyond all reasonable doubt. The judgment of the criminal court of Cook County is, therefore, reversed.

*Judgment reversed.*