THE STATE OF OHIO, APPELLANT, *v.* BRAND X CORPORATION, APPELLEE.

[Cite as State v. Brand X Corp., 12 Ohio St. 2d 81.]

(No. 40681—Decided December 20, 1967.)

82

*Mr. William B. Saxbe*, attorney general, and *Mr. James W. Rickman*, for appellant.
*Mr. John J. Sullivan*, for appellee.

ZIMMERMAN, J. The facts are that the employee was injured on November 7, 1960. Brand X Corporation, an employer amenable to the Workmen's Compensation Act, first filed application for State Insurance Fund coverage on November 3, 1960, but without any accompanying remittance. Such application was received by the bureau on November 7, 1960. A premium payment by check of $42 was sent to the commission on November 17, 1960, and insurance fund coverage was granted the employer, effective November 21, 1960, the date on which payment was received.

It is the contention of the state that, in the absence of a certificate of coverage on the date of the injury, the defendant as an amenable employer under the law is a noncomplying employer without benefit of coverage and must pay the award made against it.

That part of Section 4123.01, Revised Code, which is pertinent, provides:

"(B) 'Employer' means:

"* * *

"(2) Every person, firm, and private corporation, including any public service corporation, that (a) has in service three or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, or (b) is bound by any such contract of hire or by any other written contract, to pay into the insurance fund the premiums provided by Sections 4123.01 to 4123.94, inclusive, of the Revised Code."

Applicable parts of Section 4123.32, Revised Code, read:

"The Industrial Commission shall adopt rules and regulations with respect to the collection, maintenance, and disbursements of the State Insurance Fund among which rules and regulations shall be the following:
"* * * *

"(D) Such special rules as the commission considers necessary to safeguard the fund and as are just in the circumstances, covering * * * an employer [who] first makes application for state insurance * * *."

Surely, under the above-quoted section, the formation, adoption and enforcement of such rules are left largely to the sound discretion of the Industrial Commission.

The Ohio State Workmen's Compensation Insurance Fund Manual, covering Rating Rules, Premium Rates and Index of Classifications, under the heading, "General Procedure Rules," at page 21, under I, provides:

"Rule 1. To secure the initial quotation of rate and premium, the employer shall complete and return to the Columbus central office of the Industrial Commission of Ohio and Bureau of Workmen's Compensation an application prepared by the commission and bureau and entitled 'Application for Classification of Industry and for Premium.'
"* * * *

"Rule 2. Upon receipt of the completed application as indicated under Rule 1, the underwriting section shall forthwith issue premium advice and pay-in-order on same setting forth the classification, rate and the eight months' advance estimated premium of applicant.
"* * * *

"Rule 5. *The applicant's protection shall date from the time the payment of premium is actually received by the bureau and/or commission.*" (Emphasis supplied.)

Since, under Rule 5, the employer was not protected by the State Insurance Fund on the date of the injury to its employee, viz., November 7, 1960, it was a noncomplying employer at that time and liable for the payment of the award made against it, and in the circumstances the state properly brought suit for the payment of the award and was entitled to recover. This may

84

seem a harsh result, since the application for coverage was made on November 3, 1960. Nevertheless, it is in accordance with statutory law reflected in the rules of the Industrial Commission adopted and promulgated upon statutory authority.

The judgment of the Court of Appeals is reversed and final judgment is rendered for the appellant.

*Judgment reversed.*

MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.
TAFT, C. J., and SCHNEIDER, J., dissent.