THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH ANDERSON, Defendant-Appellant.

(No. 60022;

First District (5th Division)—September 27, 1974.

James J. Doherty, Public Defender, of Chicago (William Krahl and Thomas F. Finegan, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was found guilty of the crime of attempt burglary and sentenced to a term of 2 years to 2 years and 1 day. On appeal, he asserts that the State failed to prove beyond a reasonable doubt that he intended to commit a theft.

It appears from the testimony that a neighbor of Ruth Garvey heard his dog barking and momentarily thereafter heard glass breaking. He looked out toward the Garvey house and saw defendant striking her rear door with what appeared to be a duffel bag. He watched defendant

for approximately 10 or 15 seconds from a distance of about 30 or 40 feet and could see him clearly from the illumination of a light bulb directly above Garvey's rear door. He called the police, and after they came he noticed that the glass was shattered in her outer storm door, and its aluminum frame was bent. In addition, the inner wood door was chipped and scratched, but its windows were not broken.

One of the police officers who came to the scene observed a shattered outer door and marks on the inner wood door which had not been opened. He found defendant sitting in the bushes, about 10 feet from the door, with a duffel bag in his hands. Defendant explained that it was his house and that he had broken the door because Ruth Garvey would not let him in. He was arrested and taken to the station where he repeated his statement to the police officer that he broke the door while trying to get in the house and that "he wanted to kill that bitch."

The police officer thought the last statement was made "out of heat of anger." At the station, the police officer saw his partner take toilet articles, shaving cream and talcum powder from defendant's duffel bag. He saw no evidence of prying, jimmying or striations on the inner door of the Garvey house, and he was unable to state whether defendant had been drinking. However, it was stipulated that a police report prepared by another officer showed defendant "had been drinking."

Ruth Garvey testified that at the rear of her house the outer door was aluminum with a glass panel, while the inner wood door had windows at the top and two key locks. At about 3 A.M. on the morning in question, she heard glass breaking and went to her kitchen, where she opened the shutters and looked outside. She saw defendant standing a few feet from her back door. She could not remember the police telephone number, so she called her neighbor, who told her the police were on their way. After the police arrived, she noticed the glass in the outer door was shattered and that the glass windows and the door "were all broken" in her garage. She first met defendant in December of 1969, and she stated that he lived at her house from October, 1970, until January, 1971, but that he had no personal belongings inside her house. She did not see defendant enter either her house or her garage.

OPINION

The indictment charges defendant with the offense of attempt:

"[I]n that he, with the intent to commit the offense of burglary, without authority knowingly attempted to enter into a building, to wit: dwelling house of Ruth Garvey, with the intent to commit therein a theft, * * *."

A person commits the crime of attempt when with the intent to commit a specific offense he does any act which constitutes a substantial step

toward the commission of that offense. Ill. Rev. Stat. 1971, ch. 38, par. 8—4.

Defendant contends that the state failed to establish that his attempt to enter the Garvey house was with the intent to commit theft. The burden is on the state to submit proof beyond a reasonable doubt to support that allegation. *People v. Perry*, 133 Ill.App.2d 230, 272 N.E.2d 766.

The state maintains that in light of the facts and circumstances and the natural and probable inferences that arise therefrom, defendant's intent to commit a theft has been clearly established. It refers us to *People v. Johnson*, 28 Ill.2d 441, 192 N.E.2d 864, where the court stated at page 443:

> "Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose."

The State argues that the record supports an inference of an intent on defendant's part here to commit theft because of defendant's attempted unauthorized entry into Ruth Garvey's home, where there were articles of value. Any indication that defendant was interested in resuming his prior relationship with Ruth Garvey, the State says, is negated (a) by the fact that he had not resided with her for 21 months; and (b) by his violent conduct in attempting to enter the house.

Initially, we note our belief that *Johnson* is not controlling of the facts here. There, defendant broke a window to enter a tavern where there were articles of value. He brandished a lug wrench, wrapped in cloth, at the police officers before being subdued and placed under arrest. The court held there were no contradictory circumstances to rebut the inference of an intent to commit larceny.

■■ Here, we are of the opinion that there are contradictory circumstances defeating any permissible inference that defendant intended to commit a theft. In this regard, we think it is significant that defendant (1) previously resided with Ruth Garvey; (2) used a blue canvas duffel bag containing only shaving cream, talcum powder and other toilet articles in his attempt to gain entrance to her house; (3) did not have any burglary tools in his possession; (4) gave no thought to the amount

of noise he was making; and (5) apparently had been drinking. In addition, there was no indication of any jimmying or prying of the inner door. Moreover, it is unlikely that defendant could have gained entrance through the inside wood door by using his blue canvas duffel bag.

In *People v. McCombs*, 94 Ill.App.2d 308, 236 N.E.2d 569, the court reversed a burglary conviction, holding that the evidence established only an inference that when defendant secretly entered a home at night, he intended to resume a previously defined relationship with the daughter of the homeowner, thus raising sufficient and consistent circumstances to negate any inference that defendant had the intent to commit a felony sufficient to sustain the burglary conviction.

Similarly, in *People v. Perry, supra,* the court held that inconsistent circumstances and other proof negated any inference that defendant intended to commit the crime of theft when he was discovered at the door of complainant's bedroom. There, defendant had visited the complainant late at night on other occasions, thereby raising a reasonable inference of an inconsistent motive for his presence, leaving serious doubt of an intent to commit the crime of theft. See also *People v. Soznowski,* 22 Ill.2d 540, 177 N.E.2d 146.

We recognize that in both *Perry* and *McCombs,* the defendant testified on his own behalf; whereas, in the instant case, defendant did not take the stand. However, from our examination of the record here, we believe the evidence clearly leaves a reasonable doubt that defendant intended to commit theft in the Garvey residence, and furthermore, we are of the opinion that it is more reasonable to infer that defendant intended to resume his previous relationship with Ruth Garvey. The fact that he was carrying a duffel bag containing toilet articles and his anger, evidenced by his statement directed at Ruth Garvey, indicates in our opinion his hopes and frustrations toward that goal.

■■■ It is axiomatic that it is the province of the trial judge hearing the case without a jury to determine the credibility of the witnesses and the weight to be given to their testimony, and his judgment will not be disturbed unless manifestly contrary to the weight of the evidence. Yet, if a review of the evidence and a consideration of the entire record leaves us with a grave and serious doubt of the guilt of the accused, it is our duty to reverse the judgment. *People v. McCombs,* 94 Ill.App.2d 308, 313, 236 N.E.2d 569.

Accordingly, the judgment of conviction is reversed.

Judgment reversed.

DRUCKER and LORENZ, JJ., concur.