220

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY PURNELL, Defendant-Appellant.

First District (5th Division)   No. 83—1843

Opinion filed April 10, 1987.

Steven Clark and Sue Augustus, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Mary Ellen Dienes, and Donna Jean Johnson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PINCHAM delivered the opinion of the court:

The defendant, Larry Purnell, was charged in a four-count information with having on January 14, 1982, in Cook County, Illinois, committed the offenses of (1) "residential burglary in that he knowingly and without authority, entered the dwelling of Judith Leidolf *with the intent to commit therein a theft,* in violation of chapter 38, Section 19—3(a) Illinois Revised Statutes"; (2) "aggravated battery in that he intentionally and knowingly without legal justification caused bodily harm to D. DeVogelear, a peace officer *** in violation of Chapter 38, Section 12—4(a)(6) Illinois Revised Statutes"; (3) "unlawful use of weapons, in that he, knowingly carried concealed on and about his person *** a gun *** in violation of Chapter 38, Section 24—1(a—4) Illinois Revised Statutes"; and (4) "armed violence in that he, while armed *** entered the dwelling place of Judith Leidolf and

Richard Leidolf *with intent to commit therein a theft* in violation of Chapter 38, Section 33A—2 Illinois Revised Statutes." (Emphasis added.) Following a bench trial, the trial court found the defendant not guilty of aggravated battery, unlawful use of weapons, and armed violence and guilty of attempted burglary. (Ill. Rev. Stat. 1985, ch. 38, par. 8—4.) The defendant was sentenced to four years' imprisonment.[1] The defendant contends on this appeal that his conviction for attempted burglary must be reversed because the evidence failed to prove beyond a reasonable doubt that he attempted to enter the Leidolf dwelling "with the intent to commit therein a theft."

The testimony of Judith Leidolf and her 17-year-old daughter, Margaret, was substantially similar. Judith testified that on January 14, 1982, the Leidolf family resided at 4613 North Damen in the first-floor apartment of a two-story building that was located behind a store. There were six stairs outside the Leidolf residence which led to the front entrance of the apartment. At 9 a.m. Judith was talking on the telephone to her husband when Margaret opened the front door, entered the apartment, and closed the door. Margaret did not lock the door after she closed it. Margaret proceeded past Judith into the dining room. The front door opened, Judith hollered to Margaret and her husband that "someone [is] coming into the apartment." The Leidolf's dog barked and the door closed. Margaret ran to the front door and opened it while Judith called the police.

After Margaret opened the door in response to her mother's scream, Margaret observed the back of a man dressed in a maroon and gray jacket and dark pants walking down the stairs from their apartment. Margaret then called her brother Richard from his bedroom. Richard, Margaret, and their dog followed the man until Richard stopped a policeman in a squad car.

Richard Leidolf, who was 19 years old, testified that at 9 a.m. on January 14, 1982, he was in his bedroom when he overheard his mother tell his sister "something about the door opening and somebody being there." Margaret Leidolf called Richard from his room, they left their residence with their dog and followed the defendant, who was a half block from their house, until Richard stopped Officer David DeVogelear in a squad car. Richard entered the squad car and the policeman pursued defendant 1½ blocks to Damen and Giddings,

---

[1] In another case, *People v. Purnell* (1984), 129 Ill. App. 3d 253, 472 N.E.2d 183, this court affirmed the defendant's convictions for rape, deviate sexual assault, unlawful restraint, home invasion, residential burglary, and armed violence and the 50 years' extended imprisonment sentence imposed on the rape offense, the trial court having found that the other offenses merged with rape offense.

where they apprehended him. The officer searched defendant, who had his hands on the roof of the squad car. Defendant struck the policeman in the face and caused him to stumble. Defendant then fled. Richard and the officer chased defendant together, then separated. Subsequently, the officer apprehended defendant and transported him to the station.

Defendant testified that at 9 a.m. on January 14, 1982, he walked from the 4600 block of North Damen to the public aid office located in the 2100 block of Lawrence. A police officer in a squad car stopped defendant and ordered him to place his hands on the vehicle. When defendant complied with the officer's orders, the policeman frisked him. Defendant turned and questioned the policeman, who replied, "Turn around and shutup." The officer grabbed defendant's right arm, bent it behind his back, and reached for his handcuffs. The defendant turned, the officer shoved him and caused him to strike his chin against the squad car. Defendant spun around and the officer fell to the ground. Defendant fled because he feared that a warrant had been issued for his arrest for having failed to report to his parole agent in two months. Defendant denied that he had entered complainant's apartment or had been at 4613 North Damen. He added that at the time of his arrest he wore a maroon and white colored jacket.

At the close of defendant's case, the State presented certified copies of his two convictions for theft in 1980.

In finding the defendant guilty of attempted burglary, the trial court stated:

"[A]s to the residential burglary. First of all, the testimony in connection with the type of building and everything like that leads me to believe that it is not an open and shut matter as to whether or not this is a residential or some other type of a dwelling. On top of that, there is a problem as to whether or not there was an entry made.

The doorway is open, and that it opens all the way does not necessarily mean that there has been some type of entry. *** So that merely putting your hand on a doorknob would be sufficient to make an entry, but it does appear that there was, at least at the very least, an attempt to make an entry.

Under these circumstances, we then have an attempt being seen and the door being closed, and then almost immediately within seconds, not minutes, but within seconds, Miss Leidolf cracks open the door and peeks through and sees on about midway down these five or six steps, sees a man in dark pants and in a maroon and gray jacket.

\* \* \*

> But I would say there's sufficient evidence to show that there has been an attempt to commit a burglary. There's not sufficient evidence for residential burglary, I don't think. I'm not going to play that type of a game. But I think there's enough for an attempt burglary, and that would be the finding of the court."

The residential burglary count of the information alleged that the defendant knowingly and without authority entered the Leidolf dwelling with the intent to commit therein a theft, in violation of section 19—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 19—3(a)), which states that "(a) person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." The trial court found the defendant guilty of attempted burglary. It is provided in section 19—1(a) that a person commits burglary when "without authority he knowingly enters \*\*\* a building \*\*\* with intent to commit therein a felony or theft." Section 4—4 provides that "a person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct." Section 8—4(a) provides that "a person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

It is well established that in order to be convicted of attempt the evidence must establish beyond a reasonable doubt that defendant intended to commit a specific offense. (*People v. Davis* (1979), 70 Ill. App. 3d 454, 457, 388 N.E.2d 887.) The essence of the offense of attempted burglary, for which defendant was found guilty, was his attempted entry into a building with intent to commit therein a theft. *People v. Urbana* (1959), 18 Ill. 2d 81, 93, 163 N.E.2d 511.

Our review of the record leads us to conclude that the evidence presented by the State failed to establish beyond a reasonable doubt that the defendant attempted to enter the Leidolf dwelling with intent to commit a theft therein. The testimony presented by the State established that about 9 o'clock in the morning, Margaret Leidolf entered her apartment and Judith Leidolf heard the door open, hollered, "someone [is] coming into the apartment," and the door closed. Margaret returned to the door, opened it, and observed defendant proceeding down the stairs from the Leidolf apartment. Margaret and her brother Richard followed defendant until Richard

stopped a police officer. After a chase defendant was taken into custody by the policeman.

Should we accept as true the inference suggested by the State that defendant followed Margaret Leidolf and watched her enter the apartment, we would be compelled to conclude that defendant knew that she was in the apartment when the door opened, and knowing that Margaret had just entered and was in the apartment, he opened the apartment door with the intent to enter the apartment to commit a theft therein. The State's evidence established that the defendant was on the stairs to the Leidolf apartment and that the defendant may have opened and closed the apartment door. Although it may be argued whether the evidence established beyond a reasonable doubt that defendant opened and closed the apartment door, it can be presumed from the evidence that the defendant did so. To this presumption we are asked by the State to add still another presumption, not only in the absence of any supporting evidence but rather, contrary to the evidence presented by the State, that he opened the apartment door with the intent to enter the apartment to commit a theft therein. We will not engage in a presumption on a presumption as a predicate for the essential ingredient and the gravamen of an offense to affirm a conviction. There is no evidence of what the defendant intended when the apartment door was opened. More importantly, there is no evidence that he intended to enter the apartment to commit a theft therein, the residential burglary offense for which he was charged and on trial. Under the State's theory, it is unlikely that the defendant, knowing that Margaret had seconds previously entered the apartment, would immediately thereafter attempt to enter the apartment to commit a theft. We need not speculate on what the defendant's intentions were, which is what we would necessarily have to do in order to affirm his conviction. The burden is on the State to prove beyond a reasonable doubt each ingredient of the offense. The State has failed to sustain its burden in the case at bar. There was no evidence of the defendant's intent. From the facts presented by the State, it was not established that his intent was to commit a theft. The State's evidence precluded such an inference. The State's evidence failed to establish beyond a reasonable doubt the defendant's intent as defined in section 4–4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 4–4), *i.e.*, that the defendant intended "to accomplish a result or engage in conduct described by the statute defining the offense," *i.e.*, an unlawful entry into a dwelling with intent to commit a theft therein. Likewise, the State's evidence did not prove beyond a reasonable doubt that the defendant's "conscious objective or purpose [was]

to accomplish that result or engage in that conduct," *i.e.*, enter a dwelling with intent to commit a theft therein, as also required in section 4—4. The evidence presented by the State did not establish beyond a reasonable doubt that defendant was guilty of attempted burglary, *i.e.*, that he attempted to enter the Leidolf apartment with the intent to commit a theft therein, knowing that Margaret Leidolf was in the apartment.

The case at bar is strikingly analogous to *People v. Soznowski* (1961), 22 Ill. 2d 540, 177 N.E.2d 146. In *Soznowski* the charge of burglary was that defendant unlawfully entered the dwelling house of John Vann with the intent to steal property of the owner. The State's evidence established that Marlene Vann, wife of John Vann, was awakened in her bed in the early morning hours by the defendant's beating her on the face. She screamed and the defendant fled out the door. John Vann and Marlene's brother pursued the defendant and he was apprehended at the rear of the apartment building by Vann's neighbor. The trial court found the defendant guilty of burglary. On appeal the defendant contended "that the State produced no evidence that his entry to the dwelling was made with intent to steal the personal property of the owner." The supreme court responded:

"The argument that there was insufficient evidence to prove that the defendant entered the dwelling with intent to steal is not so easily disposed of. It is fundamental that a conviction cannot be sustained unless all the essential elements of the crime charged have been proved. The gravamen of the offense of burglary is the intent with which the building is entered. (*People v. Maffioli* [1950], 406 Ill. 315, 320; *People v. Myler* [1940], 374 Ill. 72, 73; *People v. Weiss* [1937], 367 Ill. 580, 586.) Not only must the entry be charged and proved, but also the intent to commit a felony or larceny. (*People v. Mendelson* [1914], 264 Ill. 453, 457.) Although intent is a matter of fact and cannot be implied as a matter of law, criminal intent may be shown by circumstantial evidence. (*People v. Weiss* [1937], 367 Ill. 580, 585; *People v. Martishuis* [1935], 361 Ill. 178.) 'Intent, being a state of mind, is rarely susceptible of direct proof, but ordinarily must be inferred from the acts and conduct of the party and the facts and circumstances attending them which reasonably indicate them to the minds of others.' " 22 Ill. 2d 540, 543, 177 N.E.2d 146.

The State argued in *Soznowski*, as the State argues in the case at bar, that the defendant's intent to commit a theft may be inferred from the defendant's conduct and the surrounding circumstances. The

supreme court stated that "the State's argument ignores one undisputed fact in the evidence which, if it does not completely negate any intention to commit larceny, *at least creates a reasonable doubt as to the presence of such intent.* That is the fact that defendant, while in the apartment and without doing anything to indicate the purpose of theft, beat a sleeping woman until she awakened. This act in itself appears inconsistent with an act to steal." (Emphasis added.) (22 Ill. 2d 540, 544, 177 N.E.2d 146.) In reversing the defendant's burglary conviction in *Soznowski,* the supreme court further stated, "[I]n addition to the entry, there was an overt act, the beating of the sleeping woman, that tends to disprove the existence of an intent to commit larceny and to dispel any inference of such intent that might otherwise arise." (22 Ill. 2d 540, 545, 177 N.E.2d 146.) In the case at bar, having observed Margaret Leidolf enter the apartment and knowing that she was in the apartment "tend to disprove the existence of an intent to commit a larceny [in the Leidolf apartment] and to dispel any inference of such intent that might otherwise arise," when the defendant opened the Leidolf apartment door, assuming that he did so. *People v. Ray* (1972), 3 Ill. App. 3d 517, 278 N.E.2d 170; *People v. Stroud* (1967), 89 Ill. App. 2d 377, 232 N.E.2d 404.

In reversing the defendant's conviction of attempted burglary in *People v. Toolate* (1976), 45 Ill. App. 3d 567, 570, 359 N.E.2d 1062, the following language of the court is most applicable to the case at bar:

> "Turning our attention to the elements of intent, we find the circumstantial evidence to build such a tenuous chain of inferences that the intent to knowingly break and enter the building with the accompanying intent to commit a theft or felony therein cannot be inferred."

For the reasons stated, the defendant's judgment of conviction for attempted burglary is reversed.

Reversed.

SULLIVAN, P.J., and LORENZ, J., concur.