(No. 36889.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH H. JOHNSON, Plaintiff in Error.

*Opinion filed September 27, 1963.*

REIDY, KATZ, MCANDREWS, DURKEE & TELLEEN, of Rock Island, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and RICHARD STENGEL, State's Attorney, of Rock Island, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ROBERT L. ELLISON, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Rock Island County found the defendant, Kenneth H. Johnson, guilty of the crime of burglary, and he was sentenced to the penitentiary for a term of not less than two nor more than ten years. He brings this writ of error to review his conviction, asserting first, that the evidence did not establish his guilt beyond a reasonable doubt, and second, that the court erred in giving certain instructions to the jury.

The record shows that the home of Mr. and Mrs. Emil Van Poecke is located close to a tavern in Rock Island. About 3:00 A.M. on March 31, 1961, they were awakened by their dog. Mr. Van Poecke looked out and saw two men in the vicinity of the tavern. Mrs. Van Poecke telephoned the police. She heard glass breaking and her husband saw a man enter the tavern through the door where the glass was broken. When the police arrived the defendant jumped out of the doorway, swinging a lug wrench wrapped in cloth at one of the police officers. He was subdued and placed under arrest. The owner of the tavern testified that apart from broken glass and debris, he found nothing unusual about the premises after the defendant was arrested, and that he was "almost sure there was no merchandise missing." The defendant did not testify.

The statute under which the defendant was convicted provides that "Whoever willfully and maliciously and forcibly breaks and enters * * * any * * * building, with intent to commit murder, robbery, rape, mayhem, or other felony or larceny" is guilty of burglary. (Ill. Rev. Stat. 1961, chap. 38, par. 84.) The indictment charged the defendant with breaking and entering the tavern with intent "to take and carry away the personal goods, chattels, money and property" of the owner of the tavern. The defendant's primary contention is that the proof does not establish beyond a reasonable doubt that he entered the premises with intent to commit larceny.

He emphasizes that intent is an essential element of the prosecution's case which, like any other essential element, must be proved beyond a reasonable doubt, and he relies heavily upon our decision in *People* v. *Soznowski,* 22 Ill.2d 540. There the defendant was charged both with burglary and with assault with intent to commit rape. The evidence showed that a woman was awakened at 3 A.M. in her bedroom by the defendant who was beating her on the face. She screamed and her assailant ran out the door. He was

pursued and apprehended at once. Upon a trial before the court he was found not guilty of assault with intent to commit rape, but was found guilty of burglary. This court reversed that judgment upon the ground that intent to commit larceny was not established because the conduct of the defendant in beating the sleeping woman dispelled any inference of intent to commit larceny that might otherwise have arisen. The opinion stated (p. 545): "It is unnecessary for the decision in this case to determine whether or not under certain circumstances an unlawful entry without further overt act on the part of the defendant is sufficient to warrant an inference of an intent to commit larceny."

While there are decisions in which this court appears to have assumed that intent to commit larceny may be inferred from a breaking and entry, otherwise unexplained, (see, *e.g., People* v. *Hansen,* 5 Ill.2d 535; *People* v. *Urbana,* 18 Ill.2d 81,) we have been referred to no decision of this court that has squarely passed upon the issue left open in the *Soznowski* case, and now raised by the defendant.

Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose. This conclusion is supported by the decisions of other courts. (*Commonwealth* v. *Eppich,* (1961) 342 Mass. 487, 174 N.E.2d 31; *State* v. *Hopkins,* (1961) 11 Utah 2d 363, 359 Pac. 2d 486; *Behel* v. *State,* 40 Ala. App. 689, (1960), 122 So. 2d 537; *Ex parte Seyfried* (1953), 74 Idaho 467, 264 P. 2d 685; *People* v. *Les* (1939), 267 Mich. 648; 255 N.Y. 407; *State* v.

*Woodruff* (1929), 208 Iowa 236, 225 N.W. 254; *Bloch* v. *State* (1903), 161 Ind. 276, 68 N.E. 287; *People* v. *Soto* (1879), 53 Cal. 415; *cf. State* v. *Kennedy* (1962), 15 Wis. 2d 600, 113 N.W.2d 372.

In the case before us there were no contradictory circumstances to rebut the inference of an intent to commit larceny and we hold that the jury was warranted in finding that the defendant's guilt was established beyond a reasonable doubt.

The first of the two instructions of which the defendant complains stated that to constitute burglary it must be shown that the breaking or entering was "with the intent to commit some felony or larceny", and continued: "The intent to commit some felony or larceny may be inferred from facts and circumstances proven in the case and if the jury believe beyond a reasonable doubt from all the facts and circumstances proven in the case that the defendant is guilty of burglary as charged in the indictment, or some count thereof, they should by their verdict, find the defendant guilty." The defendant points out that the indictment charged intent to commit larceny, but made no reference to intent to commit a felony, and argues that it was therefore reversible error to give the instruction. As an abstract proposition of law the instruction was correct. While it was imprecise as applied to the facts of this case, there was nothing in the circumstances proved that would have supported an inference of an intent to commit any offense other than larceny. No objection was made to the instruction in the trial court, and we are of the opinion that its lack of precision was not a "substantial defect" within the meaning of Rule 25. Ill. Rev. Stat. 1961, chap. 110, par. 101.25.

The second instruction told the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant committed the crime and that he knew that it was wrong to commit the crime and was mentally capable of governing his conduct, it was their duty to find him guilty

"even though you should believe from the evidence that at that time he was under the influence of intoxicating liquor." It is unnecessary to analyze this instruction in detail, for there was no evidence before the jury that raised an issue either as to the mental capacity of the defendant or as to his intoxication. The instruction should not have been given. Again, however, no objection to this instruction was made in the trial court and we do not see how it could have prejudiced the defendant.

The judgment of the circuit court of Rock Island County is affirmed.