The People of the State of Illinois, Plaintiff-Appellee, *v.* Jordan Beck, Defendant-Appellant.

(No. 54933;

First District—June 15, 1971.

Morton Zwick, of Defender Project, of Chicago, (Theodore A. Gottfried, of counsel) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant was found guilty on two counts charging attempted murder and was sentenced to serve a term of eight to fifteen years in the Illinois State Penitentiary. He contends that the trial court erred (1) in permitting the State to introduce evidence of his criminal record for consideration by the jury on the issue of credibility, (2) in denying his motion to challenge the array of jurors, and (3) in refusing to give his tendered instruction on the weight of circumstantial evidence, and (4) that the prosecutor's closing argument was so prejudicial as to deny his right to a fair trial. The facts follow.

On October 12, 1968 Mrs. Lorene Legg and her daughter Mrs. Ruth Cowan resided at 3117 Flournoy Street in the City of Chicago. At approximately 8:30 A.M. they observed a man, later identified by them as the defendant, standing in their yard dressed only in a white T-shirt and shoes. He appeared to be masturbating. Mrs. Legg telephoned the police, but by the time the police arrived the man had disappeared and the police left. Between 10:30 and 11:00 A.M. the same morning Mrs. Legg observed the same man standing in a nearby gangway. She again notified the police and when they arrived, helped them search the immediate area. While she was in the alley she saw the defendant and screamed for the police. After a chase the defendant was apprehended and taken to Cook County Hospital where he was treated for a bullet wound in the right shoulder.

At the trial Dennis Oppedisano, a Chicago police officer, testified that as he pursued the defendant he saw him turn, aim a gun in his direction and fire once. The officer returned the fire and continued the chase. Defendant ran through a gangway and out into Flournoy Street. As Officer Oppedisano followed defendant, another police officer James Finnelly approached defendant from the opposite direction. Defendant fled into a gangway and as the officers pursued him, he turned and fired two shots. Officer Finnelly returned two shots and saw defendant "slump down." Defendant ran into a yard and was apprehended as he tried to climb a cyclone fence.

Defendant testified in his own behalf. He stated that on the morning of his arrest he had been playing cards with several friends in a house nearby. He left the card game about 10:50 A.M., proceeded out the back gate and down the alley. When he heard the gunfire he ran down the alley and into Flournoy Street. He saw the policemen pursuing him and heard another shot as he ran down a passageway and into a yard. He stopped in the yard because he said he asked himself, "Why are the police chasing me?" After defendant concluded his testimony the State introduced evidence that he had been previously convicted of rape, armed robbery and grand theft. The jury was instructed that evidence of defendant's prior conviction was to be considered only insofar as it affected his credibility as a witness and not as evidence of his guilt of the crime with which he was charged.

■■ It is first contended that introduction of evidence of defendant's criminal record for the purpose of affecting his credibility as a witness violated his right to a fair trial and imposed a penalty on the exercise of the accused's right to testify in his own defense. While it is true that an accused has the right to present his version of the facts to the jury, the jury is entitled to know those factors which render his credibility suspect. One such factor is the witness's record of convictions for infamous crimes. (*People v. Mason*, 28 Ill.2d 396, 192 N.E.2d 835; *People v. Thomas*, 393 Ill. 573, 67 N.E.2d 192; *People v. Harkey*, 123 Ill.App.2d 256, 260 N.E.2d 55; *People v. Gilmore*, 118 Ill.App.2d 100, 254 N.E.2d 590.) The applicable statute (Ill. Rev. Stat., ch. 38, par. 155—1 (1969)) reads as follows:

"No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction *may be shown* for the purpose of affecting his credibility; * * *." (Emphasis added.)

In construing the statutory phrase "may be shown," our Supreme Court has recently held in *People v. Montgomery*, 47 Ill.2d 510, that it is for the trial judge and not the prosecuting attorney to determine the propriety of the admission of evidence of past convictions. This holding in *Montgomery* however has prospective application only. In the instant case the defendant chose to testify as a defense witness. His prior convictions were then shown as is the custom in criminal proceedings. The jury was instructed at the close of the case to consider the defendant's criminal record only for the purpose of determining his credibility as a witness. We find that the trial court properly followed the prevailing rule in allowing proof of the defendant's criminal record.

Defendant's next contention is that he was not tried by a jury of his

peers. He argues that as a resident of the City of Chicago he is entitled to a jury composed entirely of Chicago residents. It is not disputed that the jury in the instant case included residents of Cook County who did not reside in the city. Pursuant to statute (Ill. Rev. Stat., ch. 78, par. 25 (1969)), jury lists in Cook County are compiled from the list of "all legal voters of each town or precinct of the *county* * * *." (Emphasis added.) It is defendant's contention that this statute is an unconstitutional denial of the right to trial by jury "as heretofore enjoyed."

■■■ Article II, Section 5, of the Illinois Constitution provides that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate." The object of the provision is to preserve the substance of the common law right to trial by jury, rather than to prescribe details of methods by which this right is to be exercised and enjoyed. (*People v. Kelly,* 347 Ill. 221, 179 N.E. 898.) The essential requirements are that twelve impartial, qualified jurors shall decide unanimously the facts in controversy pursuant to the rulings and instructions of a judge. (*People v. Kolep,* 29 Ill.2d 116, 193 N.E.2d 753; *People v. Lobb,* 17 Ill.2d 287, 161 N.E.2d 325; *People v. Schoos,* 399 Ill. 527, 78 N.E.2d 245.) Juror qualifications are a matter of legislative control and may differ from those qualifications known to the common law. (*People ex rel. Denny v. Traeger,* 372 Ill. 11, 22 N.E.2d 679.) In the United States jury competence is regarded as an individual rather than a group or class matter and those eligible for jury service are to be found in every stratum of society. (*Thiel v. Southern Pacific Co.* (1946), 328 U.S. 217.) Defendant's right to trial by jury was not violated by the impaneling of jurors from outside the City of Chicago.

■■ Defendant contends that the trial court erred in refusing to give his tendered instruction on circumstantial evidence. It was taken verbatim from Illinois Pattern Instructions in Criminal Cases (Instruction 3.02) and reads as follows:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of a defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.
>
> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The trial court's offer to give the first paragraph of this instruction was refused by defendant. At the trial two police officers testified that they saw the defendant point a gun in their direction and fire several shots. With such direct evidence, the final paragraph of defendant's instruction was misleading. The jury could not properly base its verdict solely on

the circumstantial aspects of the case, but must have also considered the direct evidence introduced by the State. As the Judicial Conference Committee on Pattern Instructions in Criminal Cases noted with respect to this instruction, "[t]he second paragraph should be given only when the proof is *entirely* circumstantial." The trial court properly refused to give defendant's instruction on circumstantial evidence.

Defendant contends that comments made by the prosecutor in his closing argument were highly prejudicial and denied the defendant his right to a fair trial. The comments objected to referred to defendant's failure to produce any witnesses to corroborate his testimony that at the time Mrs. Legg and Mrs. Cowan allegedly saw him in the yard, he was engaged in a poker game with several friends. Where a defendant injects into a case his activities with one or more witnesses ostensibly for the purpose of proving his innocence, his failure to produce such witness or witnesses is a proper subject of comment. *People v. Durso*, 40 Ill.2d 242, 239 N.E.2d 842.

The judgment of the trial court is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and McCORMICK, J., concur.