74

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY A. NOGLE, Defendant-Appellant.

(No. 72-54; )

Second District—April 25, 1973.

Paul Bradley and Ralph Ruebner, both of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This appeal comes from the circuit court of Lake County. On September 7, 1971 defendant was indicted for burglary and theft over $150 (an automobile). Represented by appointed counsel defendant, at his arraignment a week later, entered a plea of not guilty. Pursuant to a negotiated plea agreement and contemplating a dismissal of the indictment for theft, defendant on October 4 withdrew his not guilty plea and entered a plea of guilty to burglary. After extensive interrogation and admonishment by the court the guilty plea was accepted as to the burglary indictment and the theft indictment was dismissed. After the hearing on aggravation and mitigation on October 20 the court denied defendant's petition for probation and sentenced him to a term of 8 to 30 years. A week later, at a hearing on defendant's petition for reconsideration, the court reduced the sentence to a term of 4 to 30 years.

Defendant appeals contending that the court failed to meet the requirement of substantial compliance with its obligation to determine whether there was adequate factual basis for the plea of guilty as provided by Illinois Supreme Court Rule 402(c). Ill. Rev. Stat. 1971, ch. 110A, par. 402(c).

After the court interrogated and admonished the defendant carefully as to his rights and the consequences of the guilty plea, the court inquired into the circumstances of the offense and was informed that defendant was caught in the building, having gained entry through the bathroom window after breaking open the bottom pane. The following colloquy then occurred:

> "DEFENDANT: I was drunk at the time. It was stated by the police officer.
>
> THE COURT: But not to the extent that it would constitute a defense to this proceedings?
>
> DEFENDANT: No, sir."

The court then accepted the plea of guilty to burglary and the indictment for theft was dismissed.

■■ At the hearing on aggravation and mitigation the defendant was interrogated by his attorney concerning his drinking on the night of the burglary and his prior treatment for alcoholism. On cross-examination by the State he testified with particularity as to the approximate size of the bathroom window, that he did not cut himself getting through it, as to the manner of his obtaining entry into the property on which the building was located, what he was wearing, the type of machine in which he was hiding when apprehended, the direction that the machine was facing and its distance from other objects on the premises. The trial court was therefore in substantial compliance with Supreme Court Rule 402(c).

Subsequent to oral argument in this court defendant filed a motion for modification of his sentence pursuant to the applicable provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1972, ch. 38, sec. 1001—1—1, et seq.), which became effective January 1, 1973. We took that motion and objections thereto with the case.

■■ Section 1008—2—4 of that Code provides in substance that if the offense being prosecuted has not reached a final adjudication, the sentences under the Act apply if they are less than under the prior law. "Final adjudication" includes pending appeals. *People v. McCloskey*, 2 Ill.App.3d 892, 900; *People v. Chupich*, 53 Ill.2d 572; *People v. Gargano*, 10 Ill.App.3d 957.

Section 1005—8—1(c)(3) of that Code provides that minimum sentences imposed for burglary (a Class 2 felony) shall be the statutory

minimum unless the sentencing judge, having regard to various factors, sets a higher minimum. Here the four-year minimum sentence imposed by the trial judge demonstrated his determination that a minimum sentence higher than the statutory minimum was necessary. It is obvious to us that he would have reached the same determination if the sentence had been imposed under the Code of Corrections. In view of the fact that the maximum sentence authorized under the Code for burglary is 20 years, the maximum shall accordingly be reduced.

We therefore affirm the judgment of conviction and modify the sentence to a minimum of 4 years and a maximum of 20 years in the penitentiary.

Judgment affirmed and sentence modified.

GUILD, P. J., and T. MORAN, J., concur.