THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCIS HAYES, Defendant-Appellant.

(No. 72-53; ▮▮▮▮▮▮▮

Second District—May 18, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found defendant guilty of burglary and he was sentenced for a period of 4 to 20 years. This appeal was transferred to us by the Supreme Court.

Defendant claims the State failed to prove beyond a reasonable doubt that he entered the premises with intent to commit a theft and that error occurred in the giving and refusal of instructions. While this appeal was pending, a motion was made to reduce his sentence under the new Unified Code of Corrections; this was taken with the case.

A silent alarm of a factory was activated at the Lake Bluff police station on the evening of August 18, 1971. Within two minutes, two policement arrived; one went to the east side of the building, the other to the west side. On the east side, a pile of boxes was observed stacked below a broken washroom window; defendant's head was extended through the the window, into the building. Upon the officer identifying himself, defendant withdrew his head from the window, then turned back to the window and said something which was inaudible to the officer. Shining his flashlight through the window, the officer observed another person exit the washroom and close the door behind him. Defendant was placed under arrest, then searched; no merchandise or tools were found on his person. During a search of the premises, conducted by a canine officer and his dog, a second person, Roy Nogle, was discovered hiding in the bucket of a front end loader.[1]

The burglarized factory assembled heavy construction equipment, a process which required portable pneumatic and mechanics' tools. Some of the tools were supplied by the company, others by the employees; some were locked away, others were not. The record discloses that none of the tools were missing or marshalled in any area for removal.

Defendant contends that under these facts, the necessary intent to commit theft, required for a conviction of burglary, was not proved beyond a reasonable doubt. Defendant does not question the State's proof as to the unauthorized breaking and entering of the building, but argues that to establish intent of theft there must be some other evidence such as the defendant's resisting arrest, fleeing or acting furtively, evidence that the building was ransacked, or that the personal property within the building was scattered about or gathered in an area to facilitate removal. While the cases cited by defendant seem to support his argument, we hold that such factors are consistent with and buttress the conclusion of larcenous intent but are not necessarily essential to sustain a conviction.

■■ In *People v. Johnson*, 28 Ill.2d 441 (1963), police were called when witnesses observed the defendant gain entrance to a building after breaking the glass of a door. When police arrived, the defendant jumped

---

[1] Nogle pled guilty to the same burglary and was sentenced to a term of 4 to 30 years. This court modified the sentence to a term of 4 to 20 years in *People v. Nogle*, 11 Ill.App.3d 74 (1972).

from the doorway, swinging a lug wrench. The owner of the building testified that, aside from the broken glass, he found nothing unusual about the premises and was "almost sure there was no merchandise missing." The defendant, as in the case at bar, did not testify. The court stated, at page 443:

> "Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose."

The Court, in affirming the conviction, held that "there were no contradictory circumstances to rebut the inference of an intent to commit larceny." (28 Ill.2d at 444.) See also, *People v. Thompson*, 48 Ill.2d 41, 47 (1971), where the court found there were no circumstances established which were inconsistent with the inference that he entered with intent to commit theft.

To adopt defendant's argument it would be necessary not only to disregard the expression, "in the absence of inconsistent circumstances" found in the *Johnson* case, but to extend the rule to include the requirement that the State must prove, by additional evidence, factors which would be consistent with the intent already inferred from the breaking and entering. In declining to do so, we hold that, here, no inconsistent circumstances rebut the inference of intent and find that defendant's guilt was proven beyond a reasonable doubt.

■■ Over objection, the court gave the State's instruction defining circumstantial evidence, omitting the second paragraph. (I.P.I.—Criminal, 3.02.) Defendant tendered the same instruction including the second paragraph but it was refused. It is argued that the gravamen of the offense of burglary is the intent with which the building is entered and since the evidence of intent to commit theft was totally circumstantial, defendant's instruction should have been the one given.

The Committee Note to this instruction reads, "The second paragraph should be given only when the proof of guilty is *entirely* circumstantial." Under defendant's interpretation of the comment, unless each element of an offense be proved by some direct evidence, the second paragraph would be applicable. We do not subscribe to such a narrow interpretation. It is only where the evidence of the necessary elements to a crime

362

are totally circumstantial that the second paragraph should be given. Defendant herein was identified at trial by the police officer who had apprehended defendant at the scene of the crime, part of his body within the premises. This was direct evidence that an unlawful entry had been made and it was thus proper for the court to refuse defendant's tendered instruction. See, *People v. Springs*, 2 Ill.App.3d 817, 820 (1972), and *People v. Beck*, 133 Ill.App.2d 356, 273 N.E.2d 169, 171 (1971).

■■ Subsequent to oral argument, defendant filed a motion for summary modification of sentence based solely upon the Unified Code of Corrections, effective January 1, 1973. Ill. Rev. Stat., 1972 Supp., ch. 38, secs. 1001—1 *et seq.* Burglary is a Class 2 felony, Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 19—1(b). The minimum sentence under this class is one year unless the court "having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term," section 1005—8—1(c)(3). The maximum term for Class 2 felonies is twenty years, section 1005—8—1(b)(3). Both defendant's minimum and maximum sentences are in accordance with the Code and therefore the motion is denied.

For the reasons stated, the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.