THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD KONETZKE, Defendant-Appellant.

(No. 73-9;

Third District—March 11, 1974.

Robert A. Snyder, of Joliet, for appellant.

Richard Orloff, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Will County, following a bench trial in which defendant was found guilty of burglary by the trial court and then sentenced to a term of 4 to 8 years.

On appeal, defendant contends (1) that the defendant was not proven guilty beyond a reasonable doubt in that the State failed to prove that defendant's entry into the premises under consideration was with the intent to commit a theft, and (2) that the sentence imposed on defendant fails to comply with the mandate of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, §1005—8—1(c) (3) and § 1008—2—4).

The record disclosed that at approximately 7:15 P.M. when Jerry Doore and his family returned to their apartment through the front door, he saw defendant at the dining room doorway. Mr. Doore apprehended him in the kitchen. Defendant was a stranger, unknown to the Doores and not in any manner authorized to enter the premises. Police were called after Mr. Doore had apprehended the defendant. The Doores said the apartment had been locked, but it was discovered that an outside kitchen window screen hook was bent and the screen was cocked at an angle to the unlocked, but closed, kitchen window. It was, therefore, established from the circumstances that defendant had entered the premises unlawfully. As is true of most dwellings, the premises contained portable personal property.

Nothing in the house seemed to have been removed. However, one of the desk drawers in the den was partly opened and some cancelled bank checks were sticking out of the drawer. Defendant was carrying a yellow flashlight, a leather glove and a rubber glove but did not have in his possession any personal property which belonged to the Doores. While defendant did not testify, he did respond to the police officer

when defendant was asked what he was doing in the apartment. He stated he only wanted to use the bathroom.

Defendant contends that a reviewing court must set aside a conviction of burglary on evidence which would give rise to reasonable doubt of defendant's guilt. In the case of *People v. Gooch*, 70 Ill.App.2d 124, 217 N.E.2d 523, the court was faced with the same situation we find in the case before us. In that case, four men ran out of an open door at the rear of an auto accessory store and defendant in that case was identified as one of the four men. The door had been opened forcibly but apparently nothing was taken. Nothing was found upon the defendant. The second and third floors of the building were vacant and abandoned and defendant was found on the third floor (the auto accessory store was on the first floor) where defendant was crouched in a corner. He said that he had been looking for a washroom and denied that he had entered the store. In that case the conviction of burglary was upheld and the court stated that the trial court characterized defendant's statement about looking for a restroom as "incredible". In the instant case where the defendant was found in the apartment of people he did not know and where he had obviously entered through the window, the explanation has still less pertinence and is less believable.

■■■ The fact that nothing was taken does not give rise to an inference of lack of intent to commit a theft after entry into the premises. (*People v. Gooch*, 70 Ill.App.2d 124, 217 N.E.2d 523; *People v. Morris*, 7 Ill.App. 3d 1055, 289 N.E.2d 73.) As indicated in the *Gooch* case, at page 130:

> "The crime of burglary is complete upon entering with intent to steal, and it is not essential to allege or prove that anything was taken."

It is obvious that the court was justified in finding the defendant guilty and that we could not say that defendant was not proven guilty beyond a reasonable doubt under the facts before us (*People v. Gooch*, 70 Ill. App.2d 124, 217 N.E.2d 523; *People v. Johnson*, 28 Ill.2d 441, 192 N.E.2d 864). The explanation which defendant made for forcing his way into the premises is not required to be accepted by the court, and the trial court's finding that defendant had forcibly entered into the premises for the apparent purpose of committing a theft is sustained by the cases cited and the record in this cause.

■■ Defendant also contends that the sentence of defendant fails to comply with the new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1008—2—4), which provides that if the offense being prosecuted has not reached the sentencing stage or final adjudication, then, for the purpose of sentencing, the sentences under the act apply if they are less than under the prior law pursuant to which the prosecution

was commenced. The Illinois Supreme Court in *People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1, determined that a case had not been finally adjudicated until the last direct appeal had been decided or when the time for filing such appeal has expired.

Since the new Unified Code of Corrections classifies the crime of burglary as a Class 2 felony and provides (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(3)), that the minimum term for a Class 2 felony shall be one year, unless the court having regard to the nature and circumstance of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court. Since the sentence received by defendant in the instant case was for a term of not less than 4 years nor more than 8 years in the penitentiary, the requirements of the Unified Code of Corrections have not been complied with. The sentence of defendant is, therefore, modified to provide that the minimum term shall be 2⅔ years and the maximum term shall be 8 years as originally provided, and is affirmed as modified.

Affirmed, as modified.

SCOTT, P. J., and STOUDER, J., concur.