THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLYDE
AUSTIN, Defendant-Appellant.

Second District (2nd Division)　No. 75-236

Opinion filed April 21, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, of Illinois
State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant Clyde Austin was indicted, along with Terry Daily, not a
party to this appeal, by a Winnebago County Grand Jury for armed
robbery. After a jury trial in December 1974, a verdict of guilty was

returned and defendant was sentenced to 8 to 20 years. Prior to trial, defendant filed a motion to exclude evidence of his prior convictions (for burglary in 1963, 1965 and 1966) and the court ruled that the State could introduce for impeachment purposes the 1966 conviction only,[1] sustaining defendant's motion as to the 1963 and 1965 convictions. After defendant testified at trial, the State introduced the 1966 conviction as impeachment. Defendant now appeals the court's ruling on his motion to suppress the use of his prior burglary conviction.

Defendant was charged with the armed robbery of Joseph Poluyanskis, a clerk at the Domino Liquor Store in Rockford.

Although Mr. Poluyanskis was unable to identify the defendant, the State introduced two other employees of the store who identified defendant as one of the robbers. Terry Dailey testified for the State that he and the defendant committed the armed robbery.

Mina and Harry Allbord, parents of defendant's common law wife, testified that defendant was at their home all evening on the night of the offense. Defendant testified in his own behalf that he did not commit the offense, and was at the Allbord's home all evening. In rebuttal, the State introduced evidence of defendant's 1966 conviction for burglary.

■■ Defendant contends the judge exceeded the discretion given to the court regarding the introduction of prior convictions in *People v. Montgomery*, 47 Ill. 2d 510 (1971). The applicable paragraph of that opinion reads as follows:

" '(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere,* is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.' " *People v. Montgomery*, 47 Ill. 2d 510, 516.

Defendant's contention that a conviction for burglary does not involve dishonesty or false statement is without merit. See *People v. Jones*, 25 Ill. App. 3d 235 (1st Dist. 1974) (abstract opinion), that the crime of burglary denotes dishonest conduct reflecting upon honesty and integrity.

■■ Defendant further contends that the danger of unfair prejudice outweighs the probative value of the evidence in this case. Because defendant was putting forward an alibi defense, he had to choose between presenting the alibi defense without testifying himself or

---

[1] It should be noted that the defendant was not released from the penitentiary for the 1966 burglary conviction until September 1972, and that later date is the applicable one for determining the time limit under *People v. Montgomery*, 47 Ill. 2d 510.

opening himself up to impeachment, a situation which he feels unfairly burdened his right to testify in his own behalf to prove his innocence. This argument has been addressed and rejected before by this court, most recently in *People v. Stratton*, 30 Ill. App. 3d 550 (2d Dist. 1975) (abstract opinion). We therein quoted language from *People v. Beck*, 133 Ill. App. 2d 356 (1971), which we feel is equally applicable in the instant case:

"While it is true that an accused has the right to present his version of the facts to the jury, the jury is entitled to know those factors which render his credibility suspect. One such factor is the witness's record of convictions for infamous crimes." *People v. Beck*, 133 Ill. App. 2d 356, 359 (1971).

■■ It is clear from *People v. Montgomery*, 47 Ill. 2d 510 (1971), and the applicable statute (Ill. Rev. Stat. 1973, ch. 38, par. 155—1), that the admission into evidence of prior convictions for purposes of impeachment lies within the discretion of the trial judge. We do not feel the trial court abused its discretion in this case in sustaining defendant's motion as to the 1963 and 1965 convictions and in denying it as to the 1966 burglary conviction.

For the foregoing reason, the judgment of the trial court is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.