THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOROTHY EATON, Defendant-Appellant.

Third District   No. 76-1

Opinion filed June 16, 1976.

Pierson & Maloney, of Princeton (Matthew A. Maloney, of counsel), for appellant.

A. Randolph Comba, State's Attorney, of Princeton, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant Dorothy Eaton appeals from a conviction in a jury trial of communicating with a juror, a Class A misdemeanor, pursuant to the provisions of section 32—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 32—4(a)). She was sentenced to a probationary term of 2 years, to periodic imprisonment of 2 days, and the maximum fine of $1000. Additionally, she was ordered to reimburse the county in the sum of over $2,000, (being the cost of juror fees and costs in the case on trial in which she was charged of communicating with a juror). Defendant was given the opportunity to avoid the 2-day imprisonment and the remainder of the probation period by submitting a written essay to the trial court by a certain date, on the topic of the jury system.

On appeal in this court defendant contends that she was not proven guilty beyond a reasonable doubt, on the basis of certain arguments relating to the intent requirements of the statute. She also assigns as error the refusal of an instruction, the denial of her motion *in limine* to exclude certain testimony, and the refusal of the court to prevent certain matters from coming to the attention of the jury in the trial with which we are now concerned. She also argues that the court was without authority to assess her for the costs of jurors and other costs in the case which was

being tried at the time when she was charged with communication with a juror, and, also, that the court was without authority to impose an alternative sentence.

From the record in this case it appears that on April 3, 1974, while a case described as People v. Tony Yanish, No. 73-CF-31, was being tried in Bureau County, Illinois, the complaining witness, Kenneth Bence, was a juror in the Yanish case. On April 3, 1974, he was having lunch during a recess in the trial, when defendant, who was sitting next to him, began talking about the Yanish case. According to the testimony of Bence, defendant told him that both Yanish and a person named Barrett, an agent for the Illinois Bureau of Investigation, who testified against Yanish, had taken lie detector tests. She also stated that the tests showed that Barrett was lying, at least more than was Yanish. Defendant Eaton said that she hated to see someone found guilty who was not guilty and she also expressed an opinion that Yanish was innocent of the charges which were made against him.

Sharon Bence, the wife of the complaining witness, was also called as a witness by the State. She testified that defendant came to her window at a bank, where she was a teller, later that day and made comments about the Yanish case to the same effect as testified to by her husband, the juror.

Defendant did not testify or present any evidence. The jury returned a verdict of guilty.

■■ Defendant initially argues that the intent required by the statute is not a general criminal intent but a "corrupt" or "improper" intent, citing the statutes and cases in numerous other jurisdictions to that effect. We agree and understand this contention, but we find that the particular Illinois statute under consideration clearly requires a similar intent. This statute provides:

> "A person who, *with intent to influence* any person whom he believes has been summoned as a juror, *regarding any matter* which is or may be brought before such juror, communicates, directly or indirectly, with such juror otherwise than as authorized by law commits a Class A misdemeanor." (Ill. Rev. Stat., ch. 38, par. 32—4(a).) (Emphasis added.)

The statute under consideration actually prohibits any communication with a juror, and clearly declares that the communication made with an intent to influence the juror's opinions on matters that are or may be brought before him, is a violation of the statute. It clearly describes the conduct which the legislature expressly sought to punish by the enactment. We do not find the statute vague or overbroad as defendant seems to suggest. Defendant's contention on this issue is involved in her major argument that the evidence was insufficient to show her criminal intent in talking with Kenneth Bence on April 3, 1974. She asserts that Bence testified that her statements at that time were not calculated to

influence him and that they did not influence him, and that it was a friendly casual conversation. Whether or not the statements actually influence the juror does not appear to be relevant to the question of whether the crime was committed. In noting the testimony of Bence, we observe no indication of any denial of any criminal intent on the part of defendant Eaton. The testimony of Bence, regarding defendant Eaton's statements about the supposed lie detector tests and her belief in the innocence of Yanish, was sufficient for the jury in this cause to find an intent to influence the decision of Bence, as required by section 32—4(a) to which we have referred. We must conclude that the evidence did in fact support the jury's verdict.

As a corollary to this issue, defendant argues that the trial court erred in refusing to give the second paragraph of Illinois Pattern Instruction Criminal No. 3.02 on circumstantial evidence. The second paragraph, to be given only when the evidence is entirely circumstantial (as noted in the Pattern Instruction volume), reads:

> "You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The use of this part of IPI-Criminal No. 3.02 has been discussed by this court and other courts of review on many occasions. While there is some disagreement as to when the second paragraph should be given, we do not believe that position extends to require a conclusion that the second paragraph is required to be given when evidence regarding intent is circumstantial, if there is considerable other direct evidence.

■■ In the cause now before us, the direct evidence proved beyond a reasonable doubt that defendant committed the conduct in question, *i.e.*, the conduct of communicating with a juror. The only question for the jury was one of intent, an element which must in almost all cases be proven by circumstantial inference. (*People v. Johnson* (1963), 28 Ill. 2d 441, 443, 192 N.E.2d 864.) In view of the record in this cause we do not believe that the failure to give the second part of IPI-Criminal No. 3.02 constituted reversible error in this cause.

Defendant also complains that the State's Attorney commented in his opening statement that the Yanish case was a drug charge, and that Bence was permitted to testify to the same fact. While the nature of the case before the jury is not generally relevant to the crime of communicating with a juror, and the injection of the subject of narcotics into a trial could be extremely prejudicial, we believe that there was no reversible error committed by the court in denying motions for mistrial under the facts in the instant case. It does not appear that the mere mention of the nature of the Yanish case, even though it concerned drugs, was likely to prejudice the jury in the instant case. The alleged statements made by defendant to

Bence concerned the taking of a lie detector test by IBI agent Barrett. His role in the Yanish case was probably required to be made clear to the jury, and this could hardly be accomplished without identifying the nature of that case. In that limited sense the information was relevant and sufficiently material. In any event, we do not believe that, with the clear record in the present cause, there was any reversible error in the passing reference to the Yanish case.

■■ The final allegation of error concerns the denial by the trial court of a pretrial *in limine* motion by defendant to exclude the testimony of Sharon Bence as immaterial. Defendant contends that the jury would think her conversation with Mrs. Bence was also criminal and be more likely to find her guilty of the crime charged. Mrs. Bence's testimony, concerning her talk with the defendant, was relevant at least insofar as it showed that defendant knew Kenneth Bence's status as a juror when she spoke to him earlier in the day. Under the facts in the record in this cause, there is no reversible error in the ruling of the court on the motion *in limine*.

■■ Defendant Eaton also attacks her sentence on two grounds. She argues first that the court could not charge her with the expenses for the county's jurors in the Yanish case, which amounted to over $2000, particularly in addition to the imposition of the maximum $1000 fine. The State, in oral argument in this court, has conceded that the portion of the order charging defendant with the juror and other expenses in the Yanish case was improper. It is, therefore, unnecessary for us to consider this issue other than to direct that portion of the judgment of the circuit court to be vacated.

Finally, defendant argues that the trial court could not impose alternative conditions of probation, allowing her to escape periodic imprisonment and the whole probationary term by submitting a "suitable" essay to the trial court on the jury system. While the alternative provision which gave an opportunity to defendant to vacate the portion of the sentence involving periodic imprisonment and the probationary term may have been improper, we fail to see how the elimination of this provision could be beneficial to the defendant. This alternative, which was suggested by the trial court to eliminate the periodic imprisonment and the probation, would be required to be vacated.

We, therefore, affirm the conviction and remand the case to the trial court for the purpose of vacating the portion of the sentence which requires defendant to reimburse the court for its jury expenses in the Yanish case.

Affirmed in part and remanded.

STOUDER and STENGEL, JJ., concur.