THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD A. WATROUS, Defendant-Appellant.

Second District (2nd Division)   No. 75-225

Opinion filed June 22, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

John H. Maville, State's Attorney, of Belvidere (Edward N. Morris and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant Edward Watrous was indicted by a Boone County grand jury on two counts of robbery. Following a jury trial, he was found guilty of Count I, the taking of a 1968 Oldsmobile, and sentenced to 18 months to 3 years. Defendant contends on appeal that the State failed to prove the elements of robbery beyond a reasonable doubt, that the court erred in denying his motion to suppress the use of prior convictions as

impeachment evidence, and that the court erred in the imposition of the minimum sentence of 18 months.

The proof in this case of the taking by force of the property of another was circumstantial. The victim, Jack Leach, testified at trial that after being told by the police not to drive any more because he had had too much to drink, he parked his 1968 Oldsmobile outside the Hollywood Bar and went in to call his wife and have a beer. Once inside the bar he started talking to a man who identified himself as Davis, who said he lived at a certain address, and Leach asked this man to drive him home. Leach identified the defendant in court as the man he had talked to and the man who had claimed to be Davis. Leach then testified he went to the restroom, came out, drank his beer and was talking to the defendant and the defendant's two companions, Jones and Ruckert, and the next thing he remembers is lying in a roadside ditch being beaten up by three men. He could not see who was beating him as there was no light, but he heard someone say, "You son of a bitch give me that money." He then heard three men running, a car door slam, and a car take off. He then got up, and wearing only his shorts, went to the nearest farm house and called the police.

Boone County Sheriff's Deputy Wirth testified he observed a car turn on its headlights in the center of Grade School Road and proceed towards him. Deputy Wirth turned on his red lights, at which point he observed the oncoming auto turn on its brights and speed past him. He observed three men in the auto, made a U-turn, and pursued the auto to Rockton Road, radioed for assistance, and next saw that the car had crashed into some trees. He saw a subject going over the hood and running away from him who did not stop even after Wirth identified himself as the police. Wirth testified that he then saw the defendant lying on his stomach on the ground trying to get away from the automobile. When Wirth told him to stop defendant got up and said, "I have been through this before. I know what to do." Wirth testified he examined the scene and found two sets of footprints leading away from the car. Wirth testified that a photograph of the auto crashed into the tree accurately portrayed the position of the automobile when he arrived. Leach identified this auto as his 1968 Oldsmobile. Wirth further testified he then returned to the spot where he'd first seen the car turn on its headlights, and upon a search of the area found a billfold, belt, snuff box and shirt collar, all of which the victim Leach identified as belonging to him.

■■■ While robbery may be proved by circumstantial evidence, in order to sustain a conviction based on such evidence, the evidence adduced must be of conclusive nature and produce a reasonable and moral certainty that the offense charged was actually committed and that the accused perpetrated the crime. (*People v. Ohle* (1951), 408 Ill. 238,

242.) The fact that the circumstantial evidence relied upon must not give rise to any reasonable hypothesis under which the defendant could be innocent of the crime charged, does not mean that the trier of fact is "required to search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt." *People v. Huff* (1963) 29 Ill. 2d 315, 320; *People v. O'Leary* (1961) 22 Ill. 2d 52, 56; *People v. Russell* (1959) 17 Ill. 2d 328, 331.

The victim met the defendant and his two companions at a bar in Beloit, Wisconsin, and the victim asked defendant to drive him to his home, also in Beloit. The next thing the victim remembers is being beaten by three men in a roadside ditch in Boone County, Illinois. He heard the three men running to a car and heard the car start. A policeman followed the car from the point at which it started up until it crashed into the tree. The policeman saw two sets of foot prints leading away from the victim's car and found defendant attempting to crawl away. Defendant was conscious and coherent when apprehended. The policeman found defendant's personal items at the point where he observed the car start up. The victim identified his automobile and personal items in court. The victim positively identified defendant as the man he met, sought a ride home from, and was talking to in the bar.

■■ ■ A conviction based on circumstantial evidence will not be reversed on appeal if it is hardly possible for the chain of circumstances connecting the accused with the crime to have existed by mere chance. (67 Am. Jur. 2d *Robbery* §58 (1973).) Although defendant could not identify the men who were beating him and took his car, we feel the jury's finding that defendant took the automobile of another by use of force was sufficiently supported by the circumstantial evidence introduced. We therefore find that the State proved defendant guilty of the offense charged.

Defendant's second contention, that the court abridged his right to testify in his own behalf by its refusal to suppress as impeachment his burglary conviction in October 1973 in Rock County, Wisconsin, and grand theft conviction in October 1973 in Walworth County, Wisconsin, citing *People v. Montgomery* (1971), 47 Ill. 2d 510 is without merit. This court has recently addressed itself to this question in *People v. Autin*, (2d Dist. 1976), 37 Ill. App. 3d 569, 346 N.E.2d 166; *People v. Axelson* (2d Dist. 1976), 37 Ill. App. 3d 566, 346 N.E.2d 24; and *People v. Stratton*, (2d Dist. 1975), 30 Ill. App. 3d 550 (abstract opinion), and will not repeat here lengthy discussions adequately presented in the above cases. We find that as the convictions were less than 10 years old, involved dishonesty and false statement (see *People v. Austin; People v. Jones* (1st Dist. 1974), 25 Ill. App. 3d 235 (abstract opinion)) and the probative value of the evidence of the crime was not substantially outweighed by the danger of

unfair prejudice (see *People v. Beck* (1971), 133 Ill. App. 2d 356), the court did not abuse the discretion given it in *People v. Montgomery* in denying defendant's motion to suppress his prior convictions as impeachment evidence. We therefore affirm defendant's conviction for robbery.

We do however find merit in defendant's third contention, that the minimum term of the sentence imposed should be reduced to a term of one year. Robbery is a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 18—1(b). The maximum imprisonment term imposed by the court in this case was 3 years. For a Class 2 felony, the minimum term shall not be greater than one-third the maximum. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3). Therefore the court erred in setting a minimum term of 18 months. The correct minimum term to be imposed in this case is one year. Therefore, pursuant to Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)) we hereby reduce defendant's sentence to a minimum term of 1 year and a maximum term of 3 years.

Judgment affirmed; sentence modified.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.