THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
NATHANIEL BROWN, JR., Defendant-Appellant.

Second District   No. 77-548

Opinion filed March 16, 1979.

Mary Robinson and Mark Heyrman, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The defendant, Nathaniel Brown, Jr., was charged with burglary of the Happy Day Nursery in Waukegan, Illinois, in violation of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1). The offense occurred about 2 a.m. on February 4, 1976. He was found guilty by a Lake County jury and was sentenced to three to nine years imprisonment. He appeals alleging that the People failed to prove beyond a reasonable doubt that he intended to commit a theft, an essential element of the offense. Upon reviewing the record and weighing the arguments presented we are of the opinion that the judgment of the Circuit Court of Lake County should be affirmed.

Evidence at the trial established that Anna Perry Thomas, executive director of the nursery gave no one permission to enter the premises in the early morning of February 4, 1976. Waukegan police officers Charles Coxon and Patrick Carry received a radio dispatch at about 2 a.m. on that date that the silent burglar alarm at the Happy Day Nursery had sounded. Upon arriving at the scene the officers separated and Officer Coxon approached the building and upon looking in at the lighted hallway

observed the defendant. The defendant went into the executive director's office, turned his head several times and returned to the hallway after turning out the lights of the office. Officer Coxon continued to observe him in the hall briefly until the defendant disappeared. Almost immediately Officer Coxon heard other officers calling for the defendant to stop after he emerged into the fenced play yard of the school. Officer Coxon testified he went to the play yard and observed the defendant being detained by Officer Lawrence Schriner and that he, Coxon, handcuffed the defendant and returned with him to the building. Inside they found broken glass, a brick and a screen lying on the floor and a window broken in the executive director's office.

When apprehended in the play yard the defendant had no property of the nursery in his possession. James Bailey, the custodian, testified he was called to the scene shortly after the occurrence and found nothing missing. He stated that a desk drawer in the executive director's office was open and pencils were on the desk and that he had never seen anything except mail left on the executive director's desk; and, upon closing the previous evening he noticed there was nothing on her desk. He also testified that all doors and windows were locked when he left the evening before the occurrence.

At trial the defendant moved for a directed verdict at the close of the People's case on the grounds that the People failed to prove the defendant intended to commit a theft since there was no evidence that any property was taken nor evidence of fingerprints even though the defendant was not wearing gloves when apprehended. The motion was denied and the defense rested without calling any witnesses. The defendant's renewed motion for a directed verdict was denied. After a hearing the defendant was sentenced to three to nine years imprisonment.

The defendant's sole argument on appeal is that the People failed to prove the element of intent to commit a theft and relies on *People v. Soznowski* (1961), 22 Ill. 2d 540, 177 N.E.2d 146. In *Soznowski* the defendant was charged with assault with intent to commit rape and burglary in that he entered the home with the intent to commit a larceny. The evidence showed that a woman was awakened at 3 a.m. in her bedroom by a man who was beating her on the face. She awoke screaming and he departed out the door and was apprehended immediately. At trial he was found not guilty of assault with intent to commit rape but was convicted of burglary. The supreme court reversed the burglary conviction because the conduct of the defendant in beating the sleeping woman dispelled any inference of an intent to commit larceny that might have otherwise arisen. The court went on to state that the case before them was not dispositive of the issue of "whether or not

under certain circumstances an unlawful entry without any further overt act on the part of the defendant is sufficient to warrant an inference of an intent to commit larceny." 22 Ill. 2d 540, 545, 177 N.E.2d 146, 148.

Thereafter the supreme court decided *People v. Johnson* (1963), 28 Ill. 2d 441, 192 N.E.2d 864. In *Johnson* the defendants were observed in the vicinity of a tavern at 3 a.m. in the morning. The observer called the police and then heard glass breaking. Her husband saw a man enter the tavern. When the police arrived the defendant jumped out of the doorway swinging a lug wrench wrapped in a cloth at one of the police officers. The defendant was arrested and at trial the tavern owner testified that nothing was missing from the tavern. The defendant did not testify. Our supreme court said, "Intent must ordinarily be proved circumstantially, by inferences drawn from the conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose." (28 Ill. 2d 441, 443, 192 N.E.2d 864, 866.) The court found that there were no contradictory circumstances to rebut the inference that the entry was for the purpose of committing larceny and held that the jury was warranted in finding the defendant's guilt was established beyond a reasonable doubt.

In *People v. Hayes* (1973), 11 Ill. App. 3d 359, 296 N.E.2d 649, this court upheld the conviction of a defendant who was apprehended standing on boxes under the broken washroom window of a factory. The police officer testified he observed the defendant's hand inside the window. A second intruder already inside the building was also arrested. On appeal the defendant raised the issue of the lack of any evidence of intent to commit theft such as resisting arrest, fleeing or acting furtively, ransacking, scattering of personal property in the building or gathering it to facilitate removal. This court held "* * * that such factors are consistent with and buttress the conclusion of larcenous intent but are not necessarily essential to sustain a conviction." The court further observed "[t]o adopt defendant's argument it would be necessary not only to disregard the expression, 'in the absence of inconsistent circumstances' found in the *Johnson* case, but to extend the rule to include the requirement that the State must prove, by additional evidence, factors which would be consistent with the intent already inferred from the breaking and entering. In declining to do so, we hold that, here, no inconsistent circumstances rebut the inference of intent and find that

defendant's guilt was proven beyond a reasonable doubt." 11 Ill. App. 3d 359, 360-61, 296 N.E.2d 649, 650-51.

We conclude that in the absence of testimony or evidence to establish a contrary intent for the unlawful breaking and entry by the defendant into the Happy Day Nursery it was proper for the jury to determine that the entry was for the purpose of commiting a theft and finding that the defendant had committed the offense of burglary.

Therefore the judgment of the Circuit Court of Lake County is affirmed.

Affirmed.

SEIDENFELD and WOODWARD, JJ., concur.